UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARCO ANTONIO TINOCO,<br><br>　　　　　　Defendant. | Case No. 1:15-cr-00022-BLW<br><br>**REPORT AND RECOMMENDATION** |

On July 1, 2015, Defendant Marco Antonio Tinoco appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Superseding Information (Dkt. 164), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was released on conditions on February 12, 2015, after withdrawal of the Government's motion for detention. (Dkt. 84, 87.) At the time of his release Defendant faced more serious charges than the charge to which he plead guilty under the Superseding Information. Since his release, Defendant has been fully compliant with the strict combination of conditions set by the Court. Defendant resides with his parents and helps them as needed. Finally, the charge in the Superseding Information (Dkt. 164) does not include a mandatory term of imprisonment. The Court finds the combination of circumstances presented in this case, along with the Government's non-objection to continued release pending sentencing, constitute exceptional reasons such that Defendant's detention at this time would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Marco Antonio Tinoco's plea of guilty to Count One of the Superseding Information (Dkt. 164);

2) The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Superseding Information (Dkt. 164) and the Plea Agreement;

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Superseding Indictment (Dkt. 35) as to Defendant; and

4) The District Court continue Defendant's release subject to the Conditions of Release imposed on February 12, 2015 (Dkt. 87).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 1, 2015

*[signature]*

CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE